Dear Dr. Schafer:
This opinion letter is in response to your question asking:
 Do the confidentiality provisions contained in Section 630.140, RSMo 1986, preclude the Department of Mental Health from divulging account information to an agency which will assist in the collection of delinquent accounts of persons who have been or are being treated, habilitated or rehabilitated by the Department of Mental Health?
We understand that your question concerns the responsibility imposed upon the director of the Department of Mental Health to charge fees for services rendered patients, residents and clients of the Department, pursuant to Sections630.205 through 630.220, RSMo 1986.
The confidentiality provision, Section 630.140, RSMo 1986, provides in part as follows:
 630.140. Records confidential, when — may be disclosed, to whom, how, when — release to be documented — court records confidential, exceptions. — 1. Information and records compiled, obtained, prepared or maintained by the residential facility or day program operated, funded or licensed by the department or otherwise in the course of providing services to either voluntary or involuntary patients, residents or clients shall be confidential.
"Account information" which pertains to "delinquent accounts of persons who have been or are being treated, habilitated or rehabilitated by the Department of Mental Health", as set forth in your inquiry, would be included in Section 630.140.1, RSMo 1986. Such information shall be confidential, although certain limitations or exceptions are provided in following subsections of the statute. The statute does not contain a specific exception addressed by your question. The absence of such a specific exception, however, does not preclude the Department from sharing such account information with an agency which will assist in the collection of delinquent funds. The Department may bind such an agency, by contract, and as the Department's agent, subject to the Department's control, to the confidentiality provisions of Section 630.140, RSMo 1986.
An "agency" relationship is determined by the right of control by the principal. Scott v. Ford Motor Credit Corp.,706 S.W.2d 453, 460 (Mo.App. 1985). The agent's acts are binding upon the principal to the extent that they are within the authority, actual or apparent, granted by the principal.Hyken v. Travelers Insurance Company, 678 S.W.2d 454, 457
(Mo.App. 1984). It has long been held that a principal is liable for torts or other wrongful acts committed by the agent in transaction of the business of the agency. Doyle v. Scott'sCleaning Co., 224 Mo. App. 1168, 31 S.W.2d 242, 245 (1930).
The Department should maintain strict control over the agency with respect to the manner of performance, and, most specifically, with respect to the use of client, patient or resident account information. The authority granted the agent should be carefully delineated, and the representations made by the agent on behalf of the principal should be closely monitored.
We believe the Department, in entering into any agreement with an agency to collect delinquent accounts, must exercise extreme care to protect the confidentiality of patients, residents and clients. That is to say, that the Department should take all precautions to assure that the agency rendering assistance to the Department to collect debts is bound by the same duty of confidentiality as required of the Department by Section 630.140, RSMo 1986. Accordingly, the Department would not be precluded from sharing account information with such an agent.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General